IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

SEP 22 2008

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HUNG-LIN WU and
WU TRUST,

          Plaintiffs,

v.                                                        Civil Action No.: 2:06cv580

JUEI CHUAN TSENG,
BHP DISTRIBUT0RS, INC.,
JENNY S. MORIARTY, and
FAYE TSENG,

          Defendants

## ORDER and OPINION

Currently before the Court are (1) a Motion to Withdraw, filed by counsel for defendants Juei Chuan Tseng and BHP Distributors, Inc. ("BHP") (Doc. 21), and (2) a Motion for Sanctions, filed by plaintiffs Hung-Lin Wu and Wu Trust ("Plaintiffs") as to defendants Juei Chuan Tseng and BHP Distributors, Inc. ("BHP") (Doc. 22). A hearing on these motions and several other matters was held on June 27, 2008. See Doc. 30. At that hearing, the Court **DENIED** counsel's Motion to Withdraw. The Court earlier noted that it may consider this motion if substitute counsel became available to represent these two defendants. No substitute counsel has appeared. In addition, the Court noted that the facts giving rise to the Motion to Withdraw, which counsel claim creates a conflict of interest, were known to counsel at the time counsel first appeared in

1

the case. The Court additionally noted that if a conflict arises at trial, it will deal with such issues when they arise.

The Court also **GRANTED** the Plaintiffs' Motion for Sanctions. The Court stated, however, that the Court was not persuaded that sanctions should be imposed to the extent requested by Plaintiffs. Plaintiffs originally moved to impose sanctions which included designating several allegations in the Complaint as established as to defendants Juei Chuan Tseng and BHP. The Court instructed the parties to submit further briefing regarding appropriate sanctions within eleven (11) days. Plaintiffs submitted additional briefing on July 8, 2008. Doc. 32. Juei Chuan Tseng and BHP submitted additional briefing on July 7, 2008. Doc. 31. No additional briefs were filed.

For the reasons stated herein, sanctions are imposed against Juei Chuan Tseng and BHP as follows:

(1) Plaintiffs are entitled to a presumption that the alleged $1.2 million loan made by Juei Chuan Tseng to either BHP or Stanley Tseng was never funded. Juei Chuan Tseng is prohibited from introducing evidence to rebut this presumption beyond that which she has already produced to Plaintiffs in discovery;

(2) Plaintiffs are entitled to a presumption that the $660,000 Juei Chuan Tseng allegedly received from the sale of BHP's property in Virginia Beach both prior to and after the closing of this sale was received to hinder, defraud, or delay Plaintiffs as a creditor of Stanley Tseng. Juei Chuan Tseng is prohibited from introducing evidence to rebut this presumption beyond that which she has already produced to Plaintiffs in discovery;

(3) BHP is prohibited from introducing evidence regarding BHP's financial records and transactions beyond that which it has already produced to Plaintiffs in discovery;

(4) Plaintiffs are permitted to introduce evidence outlining the financial documents and information requested from both Juei Chuan Tseng and BHP, and the information and documents actually produced;

(5) Plaintiffs are awarded attorney's fees in the amount of $11,650.00.

Further reasoning for this decision is contained herein.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case is one of many arising out of Plaintiffs' attempts to satisfy an $11 million judgment they obtained against Stanley Tseng in Florida state court (the "Florida judgment"). This case primarily involves the actions of BHP. BHP is a corporation, now defunct, that Stanley Tseng alleges was a commissary business to the chain of Bamboo Hut Chinese food restaurants he partially owned. Plaintiffs claim, however, that BHP was simply a conduit for a loan scheme within Stanley Tseng's various entities and that it was never a viable business. Of importance in this litigation is the fact that BHP formerly owned property in Virginia Beach on London Bridge Road (the "Virginia Beach Property"), part of which it used as its principal place of business and part of which is rented. Plaintiffs seek the Virginia Beach Property or its proceeds to partially satisfy the Florida Judgment. The Virginia Beach Property, along with all of BHP's other real property, was sold to defendant Jenny S. Moriarty in 2006. Plaintiffs also seek to declare this sale invalid. See 2:06cv346, Doc. 77 (Amended Complaint).

Stanley Tseng has defaulted in this action.[1] The remaining defendants are:

(1) Juei Chuan Tseng, Stanley Tseng's sister who resides in Taiwan. The defendants claim that Stanley Tseng "pledged" his 100% share in BHP stock to her in 2000 to satisfy a $1.2 million debt; accordingly, the defendants argue that Juei Chuan Tseng is the correct owner of BHP. Plaintiffs, however, claim that this "pledge" was made in anticipation of the Florida Judgment, and that no debt actually existed. They ask the Court to declare this stock transfer fraudulent;

(2) Faye Tseng, Stanley Tseng's wife, who allegedly acted as the trustee for BHP in the sale of the Virginia Beach Property to Jenny S. Moriarty. Plaintiffs claim that Faye Tseng breached her fiduciary duties to BHP by selling the Virginia Beach Property. Plaintiffs allege that Faye Tseng was obligated to safeguard BHP's real property in trust for its creditors. The sale price of the Virginia Beach Property was $1.25 million. The contract provided for $499,000 of this money to be delivered to Juei Chuan Tseng. Juei Chuan Tseng has stated in her interrogatory responses that $660,000 from this sale was delivered to her in Taiwan. Plaintiffs allege that an additional $230,614.46 was delivered to Stanley Tseng;

(3) Jenny S. Moriarty, an alleged associate of the Tseng family. Ms. Moriarty purchased BHP's real property and allegedly assisted Faye Tseng in breaching her fiduciary duty to BHP; and

(4) BHP itself.

---

[1] Default judgment has also been entered against four (4) entities formerly controlled by Stanley Tseng. 2:06cv346, Docs. 52 and 54.

This action was consolidated with case number 2:06cv346 on November 28, 2006. 2:06cv346, Doc. 23. Following a hearing on several matters on October 10, 2007, the Court severed the two actions. 2:06cv346, Doc. 125. This action was stayed in October, 2007. The Court terminated the stay on February 26, 2008 upon motion by Plaintiffs. Doc. 16. A new 16(b) conference was held and the matter is now set for jury trial on October 28, 2008. Doc. 18.

Plaintiffs have requested, as part of discovery, that Juei Chuan Tseng and BHP provide records evidencing many financial transactions that the defendants claim took place. Plaintiffs first served discovery on these defendants in late April, 2007. On June 28, 2007, Plaintiffs filed motions to compel these defendants to respond to this discovery, claiming the responses they had received were "wholly deficient." 2:06cv346, Docs. 66 and 68. The Court granted these motions on July 27, 2007 and entered an order directing these defendants to "file complete answers and responses to all interrogatories and requests for production that have been propounded by plaintiffs." 2:06cv346, Doc. 86. Juei Chuan Tseng and BHP produced additional discovery in August, 2007. These additional responses included some bank records. On August 29, 2007, Plaintiffs filed their first motion for sanctions as to these two defendants. 2:06cv346, Doc. 97. The Court did not rule on this motion. On January 8, 2008, the Court denied the motion for administrative purposes, without prejudice to the rights of Plaintiffs to refile the motion in the severed action.

A renewed motion for sanctions was filed on April 15, 2008. Docs. 22 (Motion) and 23 (Mem. in Support). Juei Chuan Tseng and BHP replied in opposition on April 21, 2008. See 2:06cv346, Doc. 108. Plaintiffs replied on April 28, 2008. Doc. 26. As noted above, additional briefing was filed on July 7 and 8, 2008. Docs. 31 and 32.

## II. LEGAL STANDARD

Sanctions are imposed under FED. R. CIV. P. 37 and E.D. VA. R. 37(D). Sanctions may be imposed in the court's discretion where a party fails to comply with a discovery order entered by the court. See FED. R. CIV. P. 37(b)(2); E.D. VA. R. 37(D). Sanctions for this type of behavior may include the following:

> (i) directing that matters embraced in the [discovery] order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated materials into evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party;
> (vii) treating it as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. . . .
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(b)(2). Sanctions may also be imposed where a party fails to disclose information or supplement an earlier response. See FED. R. CIV. P. 37(c)(1). To sanction a party for this behavior, a court:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2) [listed above].

FED. R. CIV. P. 37(c)(1).

In the Fourth Circuit, a four part test is used to determine whether sanctions are appropriate and what sanctions should be imposed. See Anderson v. Found. for Advancement, Educ., and Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). Under this test,

"[t]he Court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective." Id. Sanctions are not appropriate "when it has been established that failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of the non-complying party." See Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1977).

### III. ANALYSIS

#### A. The Missing Information

Plaintiffs list several documents and information that these defendants have not submitted. Plaintiffs claim Juei Chuan Tseng has not produced:

(1) bank records or account statements evidencing the $1.2 million loan made by Juei Chuan Tseng to her brother, Stanley Tseng;[2]

(2) bank records or account statements evidencing Juei Chuan Tseng's receipt or deposit of $500,000 she allegedly received from the sale of the Virginia Beach Property;

(3) bank records or account statements evidencing Juei Chuan Tseng's receipt of an additional $160,000 from the sale of the Virginia Beach Property;

(4) Juei Chuan Tseng's tax returns or other government filings;

(5) the names of all individuals with knowledge of the allegations in the complaint;

(6) all facts and circumstances related to the $1.2 million loan; and

(7) information on Juei Chuan Tseng's travel costs, so that she may be deposed

Doc. 23 at 3-4.

---

[2] The defendants have at different times claimed this loan was to Stanley Tseng and BHP.

Plaintiffs claim that BHP has not produced:

    (1) the backs of cancelled checks and other relevant financial information;

    (2) current invoices, deposit information, and account receivables documents;

    (3) all facts and circumstances relating to its operations and intercompany receivables; and

    (4) the names of all individuals with knowledge of the facts at issue in the case.

Doc. 23 at 4-5.

## B. Plaintiffs Have Met the Test for Imposing Sanctions

Plaintiffs are able to meet the standard for imposing sanctions. First of all, Plaintiffs have demonstrated that Juei Chuan Tseng and BHP have failed to comply with the Court's order compelling them to respond to discovery, in violation of FED. R. CIV. P. 37(b)(2). See 2:06cv346, Doc. 86. Plaintiffs have also shown that these defendants failed to disclose information and supplement their earlier responses, in violation of FED. R. CIV. P. 37(c)(1). In addition, Plaintiffs have met the four part test for sanctions, by demonstrating (1) that these defendants acted in bad faith, (2) that this non-compliance caused Plaintiffs prejudice, (3) that there is a need for deterrence of this type of non-compliance, and (4) that less drastic sanctions may not be effective. Id.

Plaintiffs have demonstrated that these defendants acted in bad faith. Plaintiffs have cited to numerous documents that would be in the possession of most businesses that BHP and Juei Chuan Tseng have failed to supply. Doc. 23 at 9-10. Furthermore, Juei Chuan Tseng has not produced any documentation of the transfers of funds between her and her brother and BHP. Given that Juei Chuan Tseng resides in Taiwan, it is unlikely that these transfers took place

without the involvement of a bank or wire transfer. No such records have been produced to Plaintiffs. Juei Chuan Tseng has also failed to produce any tax records; arguably, she should at least have the records from the past two years, after she knew about this litigation. Furthermore, at this point in the litigation, it is unacceptable that Juei Chuan Tseng has been unable to provide any information regarding her ability to get a Visa or the cost for her travel to the United States. The defendants have had a long time to come up with this information. See 2:06cv346, Doc. 108.

Plaintiffs are also able to meet the second factor of the test, as they have demonstrated that the failure to comply with discovery has caused them prejudice. Plaintiffs' inability to depose Juei Chuan Tseng, one of the defendants, certainly hurts Plaintiffs' case. In addition, Plaintiffs are unable to verify several of the defendants' claims because of the lack of information regarding the finances of BHP and Juei Chuan Tseng.

Plaintiffs have also demonstrated the third factor, the need for deterrence of this type of noncompliance. These defendants have shown an unwillingness to comply with the most basic types of discovery requests. This type of behavior places a burden on the other party and on the Court.

As the fourth factor, whether less drastic sanctions may have been effective, deals with the specific sanctions to be imposed, it will be analyzed in more detail in the following section.

### C. What Sanctions Are Appropriate

In their original motion, Plaintiffs requested that several paragraphs of the complaint be designated admitted against BHP and Juei Chuan Tseng. Plaintiffs have amended this request in their recently filed briefing. Plaintiffs now request the following sanctions:

(1) A presumption that the alleged $1.2 million loan to Stanley Tseng from Juei Chuan Tseng was never funded;

(2) A prohibition against Juei Chuan Tseng introducing evidence to rebut that presumption;

(3) A presumption that the $660,000 which Juei Chuan Tseng received from the sale of the Virginia Beach Property was given to her to hinder, delay, or defraud Plaintiffs;

(4) A prohibition against Juei Chuan Tseng introducing evidence to rebut this presumption beyond what has already been produced to date;

(5) A presumption that any checks written or signed by Stanley Tseng to "cash" or "Bamboo Hut" from BHP's general operating account were not made for valid corporate purposes;

(6) A prohibition against BHP producing evidence to rebut this presumption beyond what has been disclosed to date; and

(7) Awarding Plaintiffs attorney's fees and reasonable expenses caused by the failure of these defendants to produce information and documents. The amount requested by Plaintiffs is $12,780.00.

Doc. 32 at 5, 16.

In their briefing as to what sanctions would be appropriate, Juei Chuan Tseng and BHP suggest that rather than designate allegations in the complaint as admitted against them, it would be more appropriate for the Court to prohibit them "from introducing evidence at the trial of this matter relating to the documentation and/or information that has not been produced." Doc. 31 at 2. This would mean that these defendants could not introduce evidence regarding documentation

of the "$1.2 million loan to Stanley Tseng . . . and the disbursal of funds following the sale of real property by BHP." Id. Juei Chuan Tseng and BHP additionally state that they have produced "a wealth of responsive information and documentation," thus designating allegations in the complaint against them would be inappropriate. Id.

While the sanction recommended by Juei Chuan Tseng and BHP is certainly appropriate, given their failure to produce documentation as to these transactions, it is not sufficient. Plaintiffs have met the standard for imposing serious sanctions on these defendants. Therefore, each sanction recommended by Plaintiffs will be reviewed in turn.

### *1. A Presumption Against Juei Chuan Tseng and BHP that the $1.2 Million Loan was Never Funded and a Prohibition Against Juei Chuan Tseng Introducing Evidence to Rebut that Presumption*

Plaintiffs request that the Court impose a sanction creating a presumption that the $1.2 million loan was never funded. In addition, Juei Chuan Tseng would be prohibited from introducing evidence to rebut this presumption beyond what has already been produced to date.

The Court will impose this sanction. Juei Chuan Tseng has failed to produce any bank or wire transfer records indicating that this loan occurred. Plaintiffs also note that the defendants have been able to change their position on this alleged loan because there is no documentary evidence indicating how it took place. See Doc. 32 at 1. As this is a large part of Juei Chuan Tseng and BHP's defense, the failure to produce such information certainly prejudices Plaintiffs. In addition, as Plaintiffs note, the passage of time since they first requested this information demonstrates that a less drastic sanction would not be effective. Therefore, the severity of this sanction is justified.

In addition, the Court is justified in prohibiting Juei Chuan Tseng from introducing any evidence beyond what has already been produced to rebut this presumption. The parties have had ample time to produce evidence related to this transaction. It also appears that the parties agree that this sanction is warranted. Juei Chuan Tseng and BHP's additional briefing notes that a sanction prohibiting them from introducing documentation and evidence related to this loan that has not been produced would be appropriate. See Doc. 31 at 2.

### *2. A Presumption Against Juei Chuan Tseng that she Received the $660,000 from the Virginia Beach Property Sale with the Intent to Hinder, Defraud, or Delay Plaintiffs as Creditors and a Prohibition Against Juei Chuan Tseng Introducing Evidence to Rebut this Presumption*

Plaintiffs request that the Court impose a sanction creating a presumption that Juei Chuan Tseng received the proceeds of the Virginia Beach Property sale with the intent of defrauding, delaying, or hindering Plaintiffs as creditors. In addition, Juei Chuan Tseng would be prohibited from introducing evidence to rebut this presumption beyond what has already been produced to date.

The Court will also impose this sanction. Like evidence of the $1.2 million loan, Plaintiffs have repeatedly attempted to discover bank statements and other documentary evidence related to this transaction. As noted above, Juei Chuan Tseng received two (2) incremental payments of the money from this sale, according to Juei Chuan Tseng and BHP's interrogatory responses. See Doc. 23, Ex. G. The first was for $500,000 and arrived prior to the closing of the sale; the second payment was for $160,000. Id. The defendants have produced bank records indicating that $160,000 was wired to Juei Chuan Tseng from BHP and that $120,000 was wired to Faye Tseng, Stanley Tseng's wife, from Juei Chuan Tseng within one month. Doc. 32, Ex. C. No documents, however, have been provided pertaining to the remainder of funds, including the

$500,000 allegedly paid to Juei Chuan Tseng prior to the closing of the sale. Thus, Plaintiffs argue that it is impossible to tell if this money was ever sent to Juei Chuan Tseng in the first place and, if it was, whether it was then immediately wired back to Stanley Tseng or his wife. Doc. 32 at 11. In addition, as the defendants argue as part of their defense that the $500,000 was legitimately transferred to Juei Chuan Tseng as part of a legitimate business transaction, the failure to produce documentation of this transfer prejudices Plaintiffs. Further, as Plaintiffs note, the passage of time since they first requested this information demonstrates that a less drastic sanction would not be effective. Thus, this sanction is appropriate.

It is also appropriate to prohibit Juei Chuan Tseng from introducing any evidence beyond what has already been produced to rebut this presumption. Juei Chuan Tseng has had plenty of time to produce evidence of these monetary transfers. It also appears that the parties agree that this sanction is warranted. Juei Chuan Tseng and BHP's additional briefing notes that a sanction prohibiting them from introducing further documentation and evidence related to "the disbursal of funds following the sale of real property" would be appropriate. See Doc. 31 at 2.

### 3. A Presumption Against BHP that any Checks Written or Signed by Stanley Tseng to "Cash" or "Bamboo Hut" out of BHP's General Operating Account were not Made for Valid Corporate Purposes and a Prohibition Against BHP Producing Evidence to Rebut this Presumption

Plaintiffs request a sanction creating a presumption that any checks written or signed by Stanley Tseng to "cash" or "Bamboo Hut" that were drawn upon BHP's general operating account were not made for valid corporate purposes. In addition, Plaintiffs request that BHP be prohibited from producing evidence to rebut this presumption beyond what has already been produced.

13

The Court will not allow this presumption. Although this is certainly a fair assumption, given the information provided by Plaintiffs as part of their motion, Plaintiffs have not made clear that this information was needed from BHP to the same extent Plaintiffs have the documentation regarding the $1.2 million loan and the proceeds of the Virginia Beach Property sale. While Plaintiffs specifically requested documentation of those two transactions as part of their Motion to Compel and Motion for Sanctions, Plaintiffs failed to address these checks with specificity until their additional briefing filed on July 8, 2008. In their earlier submissions, Plaintiffs stated only that BHP had failed to provide, generally, "the backs of cancelled checks and other relevant financial information [and] current invoices, deposit information, and accounts receivable documents." Doc. 23 at 4-5. Thus, BHP was not on notice that Plaintiffs sought this specific information, whereas Plaintiffs had specifically stated that information regarding the $1.2 million loan and the $660,000 from the Virginia Beach Property sale had not been produced. Thus, it does not appear that BHP acted in bad faith as to this information to the extent of the transactions that are the subject of the other proposed sanctions. In addition, the prejudice resulting to Plaintiffs from the failure to produce this documentation is not clear. While this information would certainly help Plaintiffs establish that BHP was the alter ego of Stanley Tseng, as they allege in their complaint, this information is not a central part of BHP's defense. The information relating to the $1.2 million loan and $660,000 is a large part of the defendants' claims.

The Court will, however, prohibit BHP from introducing at trial further evidence regarding BHP's financial records and transactions that has not been produced to Plaintiffs as part of discovery. BHP has had plenty of time to produce this information, but has, to date, only

14

produced limited records. There is evidence that further documentation of BHP's financial records exists and was kept by BHP as part of its operations. See Doc. 32 at 13-14 (quoting the deposition of May Barbo, the former bookkeeper for BHP, who states that "copies of checks . . . invoices" were kept in a file cabinet). BHP is aware that Plaintiffs have long sought such documentation, as Plaintiffs' Motion to Compel and original Motion for Sanctions focus on BHP's failure to produce documentation to show that it was a legitimate business, and not simply a tool Stanley Tseng used to hide his assets. Thus, this part of the proposed sanction is warranted.

### *4. An Award of Payment of Expenses*

Plaintiffs request a sanction awarding $12,780.00 for attorney's fees for time spent by counsel "in relation to the failure of Defendants Ms. Tseng and BHP to cooperate with the Wu Creditors' discovery requests." Doc. 32 at 15.

FED. R. CIV. P. 37(b)(2)(C) states that when a party has failed to comply with a discovery order entered by a court, "[i]nstead of or in addition to [other sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis added). Here, there are no indications that BHP and Juei Chuan Tseng's failure to comply with the Court's order on the motions to compel was substantially justified. There are also no circumstances suggesting that such an award would be unjust. It appears as though both BHP and Juei Chuan Tseng have acted in bad faith in failing to comply with discovery. Thus, the Court is required to award reasonable expenses to Plaintiffs.

The Court must then determine the appropriate amount of expenses to be awarded. Plaintiffs' counsel have submitted a detailed chart showing what tasks they completed as a result of Juei Chuan Tseng and BHP's failure to comply with discovery and the cost of each task. Doc. 32, Ex. D. The chart additionally explains each attorney's billing rate and how much time each attorney spent on each task. The tasks include drafting letters to Juei Chuan Tseng and BHP's counsel regarding discovery deficiencies; drafting and researching the motion to compel, motion for sanctions, and related pleadings; preparing for hearings on these motions; and drafting and researching the additional briefing on sanctions. The total amount billed was $12,780.00 for 62.7 hours of work. This yields an average hourly billing rate of $203.83. This is a reasonable fee for the amount of work done on this complicated case.

The majority of the listed tasks are directly related to the failure of these defendants to comply with discovery and Plaintiffs' attempts to correct this failure. There are, however, two (2) entries that may include time that is not entirely related to the discovery dispute. Both entries relate to the June 27, 2008 hearing on the Motion for Sanctions and several other matters in this case. The first, dated June 26, 2008, states the task completed as "Review Motion for Sanctions Against Juei Chuan Tseng and BHP and Stallings & Bischoff Motion to Withdraw as Counsel; Gather Exhibits for 6-27-08 hearing." The total amount billed for this activity was $324.00. The second is dated June 27, 2008, for the task "Prepare for and Attend Various Hearings." The total amount billed for this task was $806.00.

The Court will **AWARD** $11,650.00 for attorney's fees. This is the amount billed by Plaintiffs' counsel minus the $324.00 and $806.00 billed on June 26 and 27 for work that was not necessarily related to the defendant's failure to comply with discovery. While some of this

time undoubtedly was devoted to this matter, it is unclear from Plaintiffs' documentation exactly how much of this time was devoted to the sanctions issue.

### 5. *Plaintiffs are Entitled to Show that they Requested Information that was not Produced by these Defendants*

In addition to the sanctions above, the Court will also allow Plaintiffs to show at trial that they requested extensive financial information and documentation that was not produced by Juei Chuan Tseng and BHP. The review of the record in this case makes it clear that Plaintiffs have zealously pursued such information and that these defendants have acted in bad faith in failing to produce such materials. Therefore, this sanction is justified.

### IV. CONCLUSION

Therefore, Plaintiffs Motion for Sanctions is **GRANTED**, and sanctions are **AWARDED** to Plaintiffs as described in this Order.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Henry Coke Morgan
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 17, 2008